Battle, J.
 

 Upon consideration of the bill of exceptions, taken as a whole, and comparing one part with another, we are satisfied that there is nothing in it which would justify us in setting aside the verdict of the jury, and awarding a
 
 venire de novo.
 

 The only exceptions upon which the defendant’s counsel insisted are, that the presiding Judge erred, first, in declining to give the jury a proper instruction which was asked ; and, secondly, in giving them an improper instruction.
 

 The first error, if there was one, was- clearly waived by the counsel, and cannot be insisted upon.'
 

 The case states that his Honor did not give the instruction asked, or auy instruction at that time, and that he forgot it when he came to charge the jury, after the testimony and the arguments of the counsel were closed. But after he had finished his charge to the jury, he turned to the counsel on both sides and asked them, “ if there was any other matter upon which they wished the jury to have instruction, and they, on both sides, signified there was not.”
 

 It is not stated how long the trial lasted, but it does appear that about fifty witnesses were examined, and it is not at all surprising that when he came to charge the jury, his Honor should, for the moment, have forgotten the instruction prayed; and as he asked the counsel on both sides, whether there was any thing else to which they wished him to call to the attention of the jury, it must certainly be regarded as a waiver of all previous matters when they told him, or signified to him, that there was not.
 

 
 *161
 
 The second alleged error is equally unfounded. It is that his Honor told the jury, !< that lunacy exists when a man is sometimes rational, and sometimes deranged ; and although a man may be a lunatic, in this sense, before doing an act, the law presumes him capable when the act is done, unless the contrary is proved.” The counsel-contends that there was some testimony tending to prove that the defendant was a lunatic in the year 1853, in the latter part of .which, the contract in question was entered into; that the law presumed that he continued to be so when the contract was made, and the burden of proof was on the plaintiff and not the defendant, to show a lucid interval at that time ; and for this position, he cites the case of
 
 Cartwright
 
 v. Cartwright, 1 Phil. Eccl. Rep. 110, (see also Stock on Non Compotes, 25 Law Lib. 28.)
 

 It might be difficult to answer this objection, were it not also set forth in the bill of exceptions, that “ there was no dispute between the counsel at the bar as to the law.”
 

 "We can reconcile this apparent discrepancy only by supposing, that though “ several witnesses gave it as their opinion, that he (the defendant) was a lunatic in the year 1853,” yet in truth, they meant nothing more by the term “ lunatic,” than that he was, as all the other witnesses testified, “ depressed and low sjDirited,” and that £: he was affected by a monomania, or insane delusion, to the effect that his land was wearing out, and his plantation and buildings going to ruin, and that unless he sold his land and moved away, his family would be reduced to starvation and have to go to the poorhouse;” all of which was untrue. Upon the testimony thus understood, the proper enquiry was, whether he was competent to make a binding contract, when he entered into that upon which the suit was brought. That question was fairly submitted by his Honor to the jury, with such rem.arks as the nature of the testimony required, and we see no reason for disturbing the verdict which they found.
 

 The judgment of the Court (after refusing to set asiffe th,e
 
 *162
 
 yerdict and grant a new trial) against the defendant, for the costs of the action, is affirmed.
 

 PeR Cueiam, Judgment affirmed.